STATE BOARD OF MEDICAL EXAMINERS OF NEW JERSEY, RESPONDENT, v. THE COLLEGE OF MECCA OF CHIROPRACTIC, INCORPORATED, PROSECUTOR.

Submitted May term, 1928—Decided June 27, 1928.

Before Justices MINTURN, BLACK and CAMPBELL.

For the prosecutor, *J. Raymond Tiffany.*

For the respondent, *Edward L. Katzenbach,* attorney-general.

PER CURIAM.

The problem in this case to be solved, as we see it, is a simple one, although the solution is not quite so easy. The question is was the prosecutor required to take out a license under the act (*Pamph. L.* 1924, *p.* 395) entitled "An act for the licensing of schools and colleges conducted for the purpose of training or qualifying students to practice medicine, surgery or any method for the treatment of disease or any abnormal physical condition."

The prosecutor's charter provides for the maintaining and operating a school or schools in which students may obtain a technical or general education in the science, art and philosophy of chiropractic, and, especially, a thorough education in the studies of anatomy, physiology, pathology, etiology, biology, nerve tracing, &c. The title of the act is broad and most comprehensive, indicating a clear purpose,

to include within its scope all schools and colleges maintained for the class of students designated. Section 1 follows closely the title, but adds to the words to practice medicine or surgery the words, or any branch thereof. It doubtless will be conceded, as it must be conceded, if the prosecutor is within the scope and meaning of the statute, the state has the clear power and right to impose a condition for doing business in the state, viz., the requirement that it shall first obtain a license under the statute, before conducting a school or college in the state. *Ferguson* v. *Tuttle,* 95 *N. J. L.* 374; *State* v. *New Jersey Indemnity Co.; Ibid.* 308; *State* v. *Chapman,* 69 *Id.* 464; *affirmed,* 70 *Id.* 339.

The defendant was convicted in the First District Court of Newark and fined $500 under the statute. *Pamph. L.* 1924, *p.* 395. This writ reviews the proceedings in that court.

The complaint alleged and the evidence supported a violation of the act by the prosecutor.

The prosecutor is a corporation organized in Delaware in 1916; certificate of authorization filed in New Jersey in 1919; it conducted its business in this state before the passage of the act requiring a license. *Pamph. L.* 1924, *p.* 395.

Prosecutor contends that the act violates its charter rights; that it constitutes an illegal regulation of a lawful business; that it imposes unreasonable ·and unnecessary restrictions upon a private business.

Paragraph 1 of the act provides:

"No school or college shall, after September 1st, 1924, be conducted within this state for the purpose of training or qualifying its students to practice medicine or surgery or any branch thereof or any method for the treatment of disease or any abnormal physical condition without first securing from the state board of medical examiners of this state a license authorizing it so to do."

Paragraph 3 provides:

"Said board shall issue its license to every school or college applying therefor which complies in all respects with the requirements adopted by the state board of medical examiners of New Jersey for class A medical colleges in force at the time such application shall be made."

Section 8 provides: "Nothing in this act contained shall be construed as applying to any school conducted for the sole purpose of training persons to practice midwifery or chiropody."

The secretary of the board of medical examiners testified that he knew of no resolution adopted fixing requirements of a class A medical college, but that the grading for such medical college, which is accepted by the board, is the one promulgated by the committee of education of the American Medical Association.

The prosecutor contends that prosecution under the act would not lie until requirements for class A medical college were formally adopted.

No doubt the legislature has the right to license medical schools and colleges and to make compliance with given standards of instruction a condition precedent to granting of license. But the prosecutor argues, inasmuch as the legislature has seen fit to provide for the licensing of chiropractors (practitioners in a limited branch of medical practice) without requiring of them a knowledge of all branches of the medical practice, it is an unreasonable and arbitrary regulation to demand, that a college for the education and training of students, in order to qualify them to become chiropractors, should be required to teach all branches of medical practice. Such a requirement, it is argued, is not regulatory but unreasonable. This is an argument properly addressed to the legislature and not to the courts.

Where that which is directed to be done is within the sphere of legislation, and the terms used clearly express the intent, all reasoning derived from the supposed inconvenience, or even absurdity of the result, is out of place. *Douglass* v. *Freeholders of Essex County,* 38 *N. J. L.* 216.

To use the words in the attorney-general's brief:

The act of 1924, page 395, seeks to establish an educational standard for those schools or colleges proposing to train and qualify students to practice medicine and surgery or any branch thereof. The act, therefore, directly affects the qualifications and fitness of those who treat any physical ailment, regardless of the method advocated or used. This

applies to those who practice chiropractic. They should be required to meet the educational standard adopted by the legislature, and thus protect the public from incompetent and unfit persons in the use of this particular method of treatment.

The requirements of the act of 1924 are therefore just and reasonable regulations. They in no way prohibit the prosecutor from conducting its business in this state. It merely imposes certain conditions which the prosecutor, in the conduct of its school, must comply with.

This the legislature had a legal right to do, and the act, therefore, does not offend against any constitutional provision.

The conviction of the defendant is proper and should be sustained.

The judgment of the First District Court of Newark is therefore affirmed.